Myrna L. Archer, Esq.
Attorney for the Plaintiffs
P.O. Box 220025
Rosedale, NY 11422
(718) 926 0740

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHARON BEPOT,

Docket #

<u>COMPLAINT</u>
JURY TRIAL
DEMANDED

                              Plaintiff,

        -against-

BURLINGTON COAT FACTORY OF TEXAS, INC.,
BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION, BURLINGTON STORES, INC, and
"JOHN DOE",

                              Defendants.
-------------------------------------------------------------------X

Plaintiffs, by their attorney, MYRNA L. ARCHER, complaining of the

defendants, alleges the following:

<u>THE PARTIES</u>

1.      Plaintiff is a natural person and resident and citizen of the State of New

York, residing at 145-106 225 Street, Jamaica, NY 11413.

2.      Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC

("BURLINGTON"), is a foreign corporation, incorporated in the State of Texas, with

its principal place of business at 1830 Route 130, Burlington, NJ 08016.

3. Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC ("BURLINGTON"), is a foreign corporation, duly authorized to transact business in the State of New York.

4. Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION ("WAREHOUSE"), is a foreign corporation, incorporated in the State of Texas, with its principal place of business at 1830 Route 130, Burlington, NJ 08016.

5. Defendant, "WAREHOUSE", is a foreign corporation, duly authorized to transact business in the State of New York..

6. Defendant, BURLINGTON STORES, INC. ("RETAIL STORES"), is a foreign corporation, with its principal place of business at 1830 Route 130, Burlington, NJ 08016.

7. Defendant, RETAIL STORES, is a foreign corporation, duly authorized to transact business in the State of New York.

8. "JOHN DOE" is a fictitious name for the security personnel/his employer, who ordered the plaintiff back up the descending escalator on June 13, 2023. The plaintiff will amend her pleadings once the true names are known to the plaintiff.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction to entertain the instant matter by virtue of the fact that the defendants are foreign corporations, conducting business in the State of New York; derive substantial revenue in the State of New

York; and the event giving rise to this action occurred in New York at defendants' premises located at 409 Gateway Drive, Brooklyn, New York.

10. The plaintiff is a citizen of New York.

10. Venue is proper in this County in that a substantial part of the events giving rise to this action occurred in the Eastern District of New York.

## THE INCIDENT

11. On June 13, 2023, the defendant, BURLINGTON, owned the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

12. On June 13, 2023, the defendant, BURLINGTON, operated the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

13. On June 13, 2023, the defendant, BURLINGTON, leased the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

14. On June 13, 2023, the defendant, BURLINGTON, staffed the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

15. On June 13, 2023, the defendant, BURLINGTON, maintained the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

16. On June 13, 2023, the defendant, BURLINGTON, managed the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

17. On June 13, 2023, the defendant, WAREHOUSE, owned the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

18. On June 13, 2023, the defendant, WAREHOUSE, operated the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

19. On June 13, 2023, the defendant, WAREHOUSE, leased the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

20. On June 13, 2023, the defendant, WAREHOUSE, staffed the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

21. On June 13, 2023, the defendant, WAREHOUSE, maintained the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

22. On June 13, 2023, the defendant, WAREHOUSE, managed the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

23. On June 13, 2023, the defendant, RETAIL STORES, owned the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

24. On June 13, 2023, the defendant, RETAIL STORES operated the Burlington store located at 409 Gateway Drive, Brooklyn New York.

25. On June 13, 2023, the defendant, RETAIL STORES, leased the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

26. On June 13, 2023, the defendant, RETAIL STORES, staffed the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

27. On June 13, 2023, the defendant, RETAIL STORES, maintained the Burlington store located at 409 Gateway Drive, Brooklyn, New York.

28. On June 13, 2023, the defendant, RETAIL STORES, managed the Burlington store located at 409 Gateway Drive, Brooklyn, New York

29. On June 13, 2023 the plaintiff, SHARON BEPOT, was an invitee at the defendants' store located at 409 Gateway Drive, Brooklyn, New York.

30.     On June 13, 2023, while the plaintiff, SHARON BEPOT, exited the store and descended the escalator, the defendants' security personnel, "JOHN DOE", ordered the plaintiff back up the escalator, back to the store, to check for stolen or unchecked items.

31.     While attempting to obey the command of the security officer, "JOHN DOE", ascending the downward-moving escalator in compliance with Security, the plaintiff was caused to fall, resulting in, among others, injury to her left knee.

## PLAINTIFF'S INJURIES

32.     Plaintiff sustained serious physical injuries, including a fractured knee, believed to be permanent in nature, which were caused, created, exacerbated, aggravated and/or activated as a result of the defendant's negligence.

33.     As a result of the defendant's negligence, plaintiff has been rendered sick, sore, lame, and disabled, and was caused to seek and did require medical care and attention, and upon information and belief, will require the same in the future.

34.     The defendants were reckless, careless and negligent in the hiring, training and retention of personnel, including security officer "JOHN DOE", who failed to properly instruct the plaintiff.

35.     The failure of the defendants in the hiring, training and retention of personnel, including security officer "JOHN DOE", who failed to properly instruct the plaintiff, resulted in injuries and damages to the plaintiff.

36.     This action falls within one or more of the exceptions set forth in New York Civil Practice Laws and Rules Section 1602.

WHEREFORE, Plaintiffs hereby demand judgment against the Defendants, in the amount of TWO MILLION DOLLARS ($2,000,000) together with the costs, interest and disbursements of this action.

Dated:    Queens County, New York
October 15, 2023

Yours, etc.
Myrna L. Archer, Esq.
Attorney for the plaintiffs
P.O. Box 220025
Rosedale, NY 11422
(718) 926 0740

By: _Myrna L. Archer_

TO:    BURLINGTON COAT FACTORY OF TEXAS, INC
1830 Route 130,
Burlington, NJ 08016

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION
1830 Route 130,
Burlington, NJ 08016

BURLINGTON STORES, INC.
1830 Route 130,
Burlington, NJ 08016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHARON BEPOT,

                Plaintiff,

           against-

BURLINGTON COAT FACTORY OF TEXAS, INC.,
BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION, BURLINGTON STORES, INC, and
'JOHN DOE",

                Defendants.
-----------------------------------------------------------------------X

**CERTIFICATION**
**PURSUANT TO**
**FRCP RULE 11**

        MYRNA L. ARCHER, an attorney duly licensed to practice before the United

States District Court, Eastern District of New York, affirms the following:

1. I am the attorney for the plaintiffs.

2. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  Queens County, New York
        October 15, 2023

                            Yours, etc.
                            Myrna L. Archer, Esq.
                            Attorney for the plaintiff
                            P.O. Box 220025
                            Rosedale, NY 11422
                            (718) 926 0740

                            By: _Myrna L. Archer_

# VERIFICATION

      MYRNA L. ARCHER, duly admitted practice in the courts of the State of New York, affirms the following:

1. I am the attorney of record for the plaintiffs in the within action.
2. I have read the foregoing Complaint, and know the contents thereof.
3. The same is true to my own knowledge, except as to those matters herein that are alleged to be upon information and belief, and as to those matters, I believe them to be true.
4. The reason this verification is being made by me, and not by the plaintiff, is that the plaintiff is not presently within the county wherein affirmant maintains her office.

Dated:     Queens County, New York
            October 15, 2023

                        _____
                        MYRNA L. ARCHER