UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

SHARON BEPOT,

            Plaintiff,

    v.

BURLINGTON COAT FACTORY OF           **MEMORANDUM AND ORDER**
TEXAS, INC.; BURLINGTON COAT              23-CV-7684 (RPK) (CLP)
FACTORY WAREHOUSE
CORPORATION; BURLINGTON
STORES, INC.; THE CITY OF NEW
YORK; THE NEW YORK CITY POLICE
DEPARTMENT; MANPREET SINGH; and
SHARJEEL WARIS,

            Defendants.

------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    Plaintiff Sharon Bepot brings this tort action in connection with injuries she allegedly sustained after falling on an escalator in a Burlington Coat Factory store. She asserts claims of negligence against the City of New York, the New York City Police Department ("NYPD"), and two NYPD Officers Manpreet Singh and Sharjeel Waris (collectively, the "City Defendants"), as well as Burlington Coat Factory of Texas, Inc., Burlington Coat Factory Warehouse Corporation, and Burlington Stores, Inc. (collectively, the "Burlington Defendants"). Because plaintiff has not adequately pleaded complete diversity of citizenship, the case is dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

    The following facts are taken from plaintiff's amended complaint and are assumed to be true for the purposes of this order.

1

In June 2023, plaintiff visited the Burlington Coat Factory store located at 409 Gateway Drive in Brooklyn. *See* Am. Compl. ¶ 22 (Dkt. #22). As she left the store, she descended an escalator and was "ordered . . . back up the escalator" by the Burlington Defendants' security personnel "to check for stolen or unchecked items." *Id.* ¶ 44. "While attempting to obey the command," plaintiff "ascended the downward-moving escalator," fell, and injured her left knee. *Id.* ¶ 45.

Plaintiff's initial complaint asserted claims of negligence against the Burlington Defendants as well as against "John Doe," described as "the security personnel" who had ordered plaintiff to re-enter the store and "his employer." Compl. ¶¶ 8, 30–35 (Dkt. #1).

Plaintiff then filed an amended complaint that removes the reference to "John Doe" and instead alleges that the individual who ordered plaintiff to re-enter the store was "Manpreet Singh or Sharjeel Waris." Am. Compl. ¶ 44. The parties later agreed that that individual was Singh and that Waris "was not present for and played no role in the subject accident," *see* Mem. in Supp. of Mot. to Dismiss 3 n.6 (Dkt. #37-1).

Plaintiff's amended complaint also adds the City of New York and NYPD as defendants, and alleges that Singh was providing security services to the Burlington Defendants under a contract with the NYPD. *See* Am. Compl. ¶¶ 8–12, 43, 46–49.

Plaintiff alleges that all defendants are liable for negligence. *See id.* ¶¶ 46–48.

To establish diversity jurisdiction, plaintiff alleges that she is a citizen of New York and that the Burlington Defendants are incorporated in Texas and have a principal place of business in New Jersey. She does not allege Singh's citizenship or discuss the citizenship of the City of New York or NYPD. *See id.* ¶¶ 1–2, 4, 6, 11; Compl. ¶¶ 1–2, 4, 6, 8 (omitting allegation of John Doe's citizenship).

2

The City Defendants move to dismiss the amended complaint for lack of subject-matter jurisdiction and for failure to state a claim. *See* Mot. to Dismiss (Dkt. #37). As relevant to jurisdiction, they argue that plaintiff fails to adequately plead complete diversity of citizenship. *See* Mem. in Supp. of Mot. to Dismiss 7–8; Reply 1–6 (Dkt. #40). Plaintiff, for her part, argues that jurisdiction exists because the original complaint adequately pleaded that diversity between plaintiff and the defendants named in that complaint—irrespective of whether the added parties in the amended complaint destroy diversity.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (citation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In deciding a Rule 12(b)(1) motion, the court "must take all facts alleged in the complaint as true." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)). "But 'where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (brackets omitted) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

## DISCUSSION

The motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction is granted.

3

As relevant here, federal courts have jurisdiction over lawsuits bringing state law causes of action if the amount-in-controversy "exceeds the sum or value of $75,000," and complete diversity of citizenship exists between all plaintiffs and all defendants. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The parties are considered diverse if they are "citizens of different States," 28 U.S.C. § 1332(a)(1), or "citizens of a State and citizens or subjects of a foreign state," so long as the latter are not "lawfully admitted for permanent residence in the United States and are domiciled in the same State," *id.* at § 1332(a)(2). Diversity depends upon "the state of facts that existed at the time of filing," meaning that a party's change of citizenship after the complaint is filed will not create or destroy jurisdiction. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

Nevertheless, a plaintiff cannot circumvent the requirement of complete diversity by first filing a complaint that names only diverse parties, and then adding non-diverse parties through amendment. When a plaintiff files an amended complaint, "[t]hat complaint is now the operative one; the old complaint has become irrelevant," and we must "look to the amended complaint to determine jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 36 (2025). In short "changes in parties, or changes in claims, effectively remake the suit." *Id.* at 35. "[T]hat includes its jurisdictional basis." *Ibid.* So if the plaintiff "could not originally have brought suit in federal court naming [the new] codefendants, since citizens of [the same state] would have been on both sides of the litigation," "[c]omplete diversity [is] destroyed just as surely as if [plaintiff] had sued [the non-diverse parties] initially." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *see also Royal Canin*, 604 U.S. at 37 ("[A]n amendment can either destroy or create jurisdiction in an original diversity case. The addition of a non-diverse party in such a case typically destroys diversity jurisdiction, requiring the case's dismissal.").

4

The amended complaint does "not meet [the] requirement of complete diversity" because plaintiff is "a New York citizen" and "[a]t least one defendant," the City, "is similarly a citizen of New York." *Logan v. Town of Windsor*, 833 F. App'x 919, 920 (2d Cir. 2021) (citation omitted); *see* Am. Compl. ¶¶ 1, 8; *Moor v. County of Alameda*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States."). True, diversity of citizenship is measured at the time plaintiff filed her original complaint and the only named defendants in that complaint were the Burlington Defendants. *See* Pl.'s Opp'n 4 (Dkt. #39). But because the amended complaint replaced the unnamed John Doe in plaintiff's original complaint with a named defendant whose citizenship is the same as plaintiffs, "diversity jurisdiction is destroyed" and "this Court now lacks subject matter jurisdiction." *Cartagena v. Ryder Truck Rental, Inc.*, No. 23-CV-4169 (JPO), 2023 WL 8520487, at *2 (S.D.N.Y. Dec. 8, 2023); *see Brikman v. Hecht*, No. 19-CV-5143 (RPK) (CLP), 2021 WL 3741538, at *2 (E.D.N.Y. Aug. 24, 2021) ("[T]he mere inclusion of John Doe defendants does not destroy complete diversity until it is later found that one or more of the unknown defendants is domiciled such that there is not complete diversity." (quoting *Zaccaro v. Shah*, 746 F. Supp. 2d 508, 516 (S.D.N.Y. 2010))).

Accordingly, the City Defendants' motion to dismiss under Rule 12(b)(1) is granted.

## CONCLUSION

The amended complaint is dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiff may file a motion seeking leave to file a second amended complaint that excludes nondiverse parties within thirty days. Any such motion should include the proposed amended complaint as an exhibit and explain why leave to amend should be granted. If plaintiff

does not seek leave to amend within thirty days, judgment shall be entered, and the case shall be closed.

    SO ORDERED.

                                              /s/ Rachel Kovner
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated: July 15, 2025
       Brooklyn, New York